UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERROL JELEEL DILLON                                            CIVIL ACTION

VERSUS                                                                     NO. 23-3452

E. ADRIAN ADAMS, ET AL.                                      SECTION: "L"(1)

### REPORT AND RECOMMENDATION

Plaintiff, Errol Jeleel Dillon, a state prisoner, filed this *pro se* federal civil action against E. Adrian Adams and Zachary Grate. Although plaintiff included no statement of claims in his complaint, his prayer for relief stated: "I want you to help me get a fair sentence."[1]

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i). In addition, because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, that statute similarly provides: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …." 28 U.S.C. § 1915A(b)(1).

---

[1] Rec. Doc. 3-2, p. 4.

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Plaintiff filed his complaint on a form intended for use by prisoners seeking relief pursuant to 42 U.S.C. § 1983. To the extent that he is in fact seeking relief under that federal civil rights statute, his claims are frivolous for the following reasons.

In his complaint, plaintiff named two defendants: E. Adrian Adams and Zachary Grate. Although plaintiff did not otherwise identify those defendants in the complaint, records filed in connection with his related federal habeas corpus proceeding[2] reveal that Adams was the presiding judge and Grate was the prosecutor in the state criminal hearings in March of 2022 in which plaintiff pleaded guilty and was sentenced.[3] Therefore, not only are any § 1983 claims arising from those hearings prescribed,[4] but, in any event, absolute immunity protects Adams and Grate against civil claims based on their actions in those hearings.

---

[2] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

[3] See Dillon v. Kupp, Civ. Action No. 23-3442 (E.D. La.), Rec. Doc. 13-1, pp. 59 (minute entry for a hearing held on March 15, 2022, in which plaintiff pleaded guilty to the offenses of being a felon in possession of a firearm and of possession with the intent to distribute marijuana) and 67 (minute entry for a hearing held on March 31, 2022, in which he was sentenced for each of those offenses to a concurrent sentence of ten years imprisonment).

[4] The United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," **which in Louisiana is one year**. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). However, federal law governs when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319. This court has

As for Adams, it is clear that "judicial officers enjoy absolute immunity from liability for damages for acts performed in the exercise of their judicial functions."  Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995).  In fact, it has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit.").  Here, it is beyond cavil that Adams was acting within his jurisdiction as a judge of the Louisiana Twenty-Fourth Judicial Court when he accepted plaintiff's guilty pleas and imposed his sentences.  Therefore, he enjoys absolute immunity with respect to plaintiff's related civil claims.

Grate is similarly immune for his acts in those criminal proceedings.  As the United States Fifth Circuit Court of Appeals has explained:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process. …
>      … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

---

stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Gartrell, 981 F.2d at 257.  As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"  Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016) (emphasis added).  In the instant case, any claims arising from plaintiff's criminal hearings would have accrued on the days those hearings were held in March of 2022.  Therefore, the claims would have prescribed one year later, long before plaintiff filed this lawsuit in August of 2023.

3

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).

For all of these reasons, plaintiff's § 1983 claims against Adams and Grate are frivolous and should be dismissed as such.

Lastly, it must be noted that even if plaintiff's claims were not prescribed, which they are, and even if he had named a proper defendant, which he has not, his § 1983 lawsuit would still fail because he has not sought a form of relief available under that statute. As noted, the only relief he sought in his complaint was a "fair sentence."[5] However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, **his sole federal remedy is a writ of habeas corpus**." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (emphasis added). See also Brian R. Means, Federal Habeas Manual § 1:35 (2023) ("Habeas is the 'exclusive remedy' for prisoners seeking 'immediate or speedier release' from confinement. Therefore, if success on a claim would necessarily spell speedier release, the claim must be brought in a habeas corpus petition. It cannot, for example, be pursued in a civil rights or other type of non-habeas action.").

While this Court could, of course, construe plaintiff's complaint in part as an application for federal habeas corpus relief, the undersigned declines to recommend that course of action because it would be an act of futility. As already noted, plaintiff has already filed one such petition challenging this same criminal prosecution. The Court dismissed that petition for noncompliance with federal exhaustion requirement, explaining:

---

[5] Rec. Doc. 3-2, p. 4.

> Exhaustion is statutorily required under [28 U.S.C.] § 2254. See 28 U.S.C. § 2254(b)(1); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."). Regarding that exhaustion requirement, the United States Supreme Court has held:
>
>> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.
>
> Rose v. Lundy, 455 U.S. 509, 518 (1982) (footnote, citations, quotation marks, and brackets omitted).
> Therefore, "[t]o exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). Moreover:
>
>> [A] claim is not exhausted unless the habeas petitioner provides **the highest state court** with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.
>
> Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (emphasis added; quotation marks omitted). In Louisiana, "the highest state court" is the Supreme Court of Louisiana. See La. Const. art. V, § 5(A).
> Petitioner has filed no applications whatsoever with the Louisiana Supreme Court concerning the convictions challenged herein. Therefore, it is beyond cavil that the Supreme Court of Louisiana has not been afforded a "fair opportunity" to pass upon his claims. As a result, he has failed to meet the exhaustion requirement, and so his federal application should be dismissed.

Dillon v. Kupp, Civ. Action No. 23-3442, 2023 WL 11054839, at *2-3 (E.D. La. Nov. 14, 2023), adopted, 2024 WL 1603576 (E.D. La. Apr. 12, 2024).

The same remains true today.  Because the Louisiana Supreme Court has issued no opinions concerning petitioner's state criminal judgment since that prior federal habeas corpus proceeding, it necessarily follows that he still has not exhausted his remedies in the state courts. Accordingly, it would be futile to construe the instant complaint in part as a federal habeas application, because it would likewise be subject to immediate dismissal for noncompliance with the federal exhaustion requirement.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14th day of May, 2024.

*Janis Van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**